Davis, J.,
delivered the opinion of the court:
The claimant excavated a large portion of the pit for a dry-dock at the navy-yard at Mare Island, California, under a written contract, and was paid for all the work done, at the contract prices, the sum of $46,551.18.
During the progress of the work the bank fell in more than once, and lodged large masses of clay in the pit. These, also, the claimant removed; and, although the contract obliged him to keep the banks protected, he was paid for the removal, as for material excavated under the contract, the sum of $7,024.32.
He then claimed remuneration for certain injuries which he said he had suffered by reason of the following acts of the defendants, which he said were not authorized by the contract, and for some alleged extra work: (1)' Delaying the construction of a coffer-dam so as necessarily to throw the execution of a portion of his contract work from the season of 1873, when it should have been done, into the season of 1874,- (2) requiring him to haul the excavated material an unreasonable distance and dump it in an unsuitable place j (3) forbidding him to use *510 gunpowder in a portion of the excavations; (4) the alleged extra work was the construction of a temporary dam and the extension of the pit-head. These claims were considered and a basis of adjustment was reached in the Navy Department, which was agreed to by the claimant, and he received $5,685 on these accounts.
He then brought this action. The further claim which he seeks to recover may be tabulated as follows from the two statements contained in his petition:
1.For excavating 15,000 cubic yards of slides, at 74 cents per yard.:. $11,100
same for excavating 9,493 cubic yards_i.. 7,924
17,848 2. For extra labor and expense by being prohibited tbe use of gunpowder in blasting.
3. For difference in place of dumping earth from pit. 6,500
Less payment for extra transportation of earth to place of dumping.$2,835
amount allowed for injuries to railroad track at place of dumping ..... 500 - 3,335 M Cl
4. For filling north wing of dam. CO O
5. For extra expense in extending head of pit Cl O
6. For delays by government to exclude tidewater, in limiting place of working to less than whole site, and other obstructions . .. 20,000
Less amount allowed for neglect to build dam to keep out tide-water_. 2,000
45,000 7. For damages, loss of time, expenses, and for losses on property.
89,939
As to the first six of these items, we should have no difficulty in holding that the claimant is not entitled to recover on them, if it were an open question. It appears, however, by the last finding, that long after these disputes had arisen the claimant lodged these indentical six claims with the Navy Department for adjustment •, that they were inquired into there, and a result-reached by which some were allowed in full, some allowed in *511 part, and others disallowed; that the result of this examination, which the Navy Department called an award, was submitted to the claimant with full information as to the principles upon which it had been reached; and that he then accepted payment of the amount awarded, and gave a receipt in full. 'This is clearly an accord and satisfaction of a disputed claim, which closes the door of litigation.
The seventh item of the claimant’s demands was not included in the settlement. It is a drag-net item, without details, aggregating $45,000. The claimant’s brief furnishes no further light upon it; but in his requests for findings his claims swell to the following astounding dimensions:
Loss on excavations prior to December 9,1873, by reason of limited space.'.■. $7,279 20
Loss by reason of inability to use plows. 59,851 20
Loss by reason of extra expense in dumping. 73,196 40
Extra costs of excavations between December 9 and
May 9. 15,866 34
Extra cost of excavations after May 15,1874_„_ 65,188 00
Extra work at pit-head. 4, 094 37
Extra work in the slides beyond what has been paid for. 21,074 46
Loss in sale of claimant’s land. 18,800 00
Loss in sale of claimant’s machinery. 15,385 00
Loss by idleness in 1873-’74. 2,390 50
283,125 47
The court finds that of this gigantic claim only items to the amount of $5,685 have a good foundation in fact. These items were included in the settlement and were paid in full.
The rules require counsel filing requests for findings to preface them by a statement that they consider them to be proven. We have too much respect for the good judgment of the learned counsel who signed the requests in this case to suppose that they regarded it as proved by any evidence, credible or otherwise, that this claimant, whose whole contract covered work of less than $50,000 in amount, was damnified over $283,000 in doing that work. We do not expect counsel on either side to frame requests from the judicial stand-point. We know that it is their duty to their clients to put the best foot of the case forward, and to present in the most favorable aspect all facts which they regard as proven on their theory of the case and on *512 their contentions as to the admissibility and weight of evidence. Making due allowance for this, however, it is not unreasonable to expect them to proffer their requests under a sense of responsibility as officers of the court, invited to assist it in administering justice, and to avoid undue exaggeration or argumentative statements or conclusions of law in doing it.
The judgment of the court is that the claimant’s petition be dismissed.
Drake, Ch. J., was absent when this case was heard, and took no part in the decision.